Gaston, Judge,
 

 after stating the facts as above, proceeded as follows : — We deem it unnecessary to comment upon the proofs, for upon the pleadings it appears to us clear, that the plaintiff is entitled to relief. There is no allegation in the bill, upon which we can examine the right of the defendant Boyd, to retain the reward of one hundred dollars, received for his alleged services. We cannot, as this bill is framed, compel him to refund it; and whether he has obtained this rightfully or wrongfully, it is all which he claims of the spoils. After the distinct admission by the defendants, that the deeds in question were executed and intended simply and solely as an indemnity, to save them harmless against their liability as the surety of the plaintiff, this court must act upon the deeds as though they had been drawn up in proper terms to express that intent. It would be monstrous if the incapacity, or ignorance, or fraud, of the draughtsman, should, in a court of conscience, give operation to an instrument, inconsistent with the acknowledged intention of all the parties thereto. Nor will this court permit the defendants, Coor and Pender, to avail themselves of these deeds, as a security for enforcing the-performance of the agreement, which they set up, by their answer, even if such agreement were proved beyond dispute. It is an agreement abhorrent to morals, as having been extorted from a distressed man; contrary to public policy, as creating interests unfavourable to the impartial administration of justice ; against the principles of the common law, and interdicted by positive
 
 *449
 
 statutes. It is founded in
 
 champerty,
 
 the most odious species of maintenance, and far from vesting rights worthy of the jurisdiction of a court of equity, makes out a case perhaps better fitted for the animadversion of a criminal court.
 

 The plaintiff is entitled to the perpetual injunction which he prays for, to have the deeds surrendered and cancelled; and to have a conveyance from the defendants, of every right which they, or any of them, can set up under them. We do not examine into the evidence of the matters of account between the plaintiff and the defendants Coor and Pender. As to them, the! plaintiff may have a reference if he requires it. All the costs, both at law and equity, up to the taking of the account, must be paid by the defendants. They are each and all of them
 
 liable
 
 therefor, having joined in the action which gave occasion for this bill.
 

 Pur Curiam. Decree accordingly.